IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERESA OWENS                                                                                    PLAINTIFF

vs.                                         Civil No. 4:18-cv-04037

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Teresa Owens, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her application for DIB on February 10, 2015. (Tr. 10). In this application, Plaintiff alleges being disabled due to back pain, pain in left leg, heart arrhythmia, sleep apnea, diabetes, high blood pressure, and fatigue. (Tr. 165). Plaintiff alleges an onset date of July 29, 2014. (Tr. 10). Her application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application. (Tr. 96-97). The request was granted and Plaintiff's administrative hearing was held on May 19, 2016. (Tr. 24-63). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and

1

Vocational Expert ("VE") James Wallace testified at the hearing. *Id.* At the time of the hearing, Plaintiff was fifty (50) years old and had a high school education. (Tr. 161, 166).

Following the hearing, on July 13, 2017, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-19). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through June 30, 2015. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from July 29, 2014 through her last date insured of June 30, 2015. (Tr. 12, Finding 2).

The ALJ then found Plaintiff had the following severe impairments: cervical and lumbar spine degenerative disc disease; heart arrhythmia; arthritis of the knee; and diabetes mellitus. (Tr. 13, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a restricted range of light work limited to occasional climbing of ladders, ropes and scaffolds; frequent climbing ramps and stairs; and frequent stooping, crouching and crawling. *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The ALJ determined Plaintiff was capable of performing her PRW as a grader dress poultry and daycare worker. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from July 29, 2014, through the date last insured of June 30, 2015. (Tr. 18, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 144-145). The Appeals Council denied this request for review. (Tr. 1-4). On March 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

2. **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in failing to properly evaluate Plaintiff's RFC, (2) in failing to find Plaintiff met a Listing, and (3) in the Step 5 determination. ECF No. 12, Pgs. 4-17. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence

4

to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE